J-S06005-16
J-S06006-16
J-S06007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOSEPH EARL BAILEY, SR. | |
| Appellant | No. 450 MDA 2015 |

Appeal from the Judgment of Sentence October 27, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000793-2013

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOSEPH EARL BAILEY, SR. | |
| Appellant | No. 451 MDA 2015 |

Appeal from the Judgment of Sentence October 27, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000798-2013

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOSEPH EARL BAILEY, SR. | |
| Appellant | No. 452 MDA 2015 |

Appeal from the Judgment of Sentence October 27, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000850-2013

BEFORE: PANELLA, J., MUNDY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 21, 2016**

In these consolidated appeals, Appellant, Joseph Earl Bailey, Sr., appeals from the judgment of sentence entered by the Honorable Pamela A. Ruest, Court of Common Pleas of Centre County. We affirm.

The relevant facts and procedural history are as follows. Bailey was charged in three separate criminal informations. At number 0793-2013, Bailey was charged with three counts of corruption of minors[1] and three counts of selling or furnishing liquor or malt or brewed beverages to minors.[2] These charges concern an incident in July 2011 where Bailey supplied his three minor children with alcohol at his home. At number 0798-2013, Bailey was charged with four counts of rape of a child,[3] four counts of aggravated indecent assault,[4] two counts of statutory sexual assault,[5] two counts of statutory sexual assault,[6] one count of involuntary deviate sexual

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6301(a)(1)(i).
[2] 18 Pa.C.S.A. § 6310.1(a).
[3] 18 Pa.C.S.A. § 3121(c).
[4] 18 Pa.C.S.A. § 3125(b).
[5] 18 Pa.C.S.A. § 3122.1
[6] 18 Pa.C.S.A. § 3122.1(b).

intercourse (IDSI),[7] four counts of sexual assault,[8] and five counts of indecent assault.[9] These charges stem from Bailey's sexual abuse of his stepdaughter, D.D., which occurred on many separate occasions between June 1, 2011 and August 30, 2012. At number 0850-2013, Bailey was charged with two counts of incest,[10] two counts of sexual assault,[11] one count of corruption of minors,[12] and two counts of indecent assault.[13] These charges stem from Bailey's sexual abuse of his biological sister, A.W., which occurred on many separate occasions between May 1, 2008 and December 31, 2010. The Commonwealth subsequently filed a motion to consolidate the three criminal informations, which the trial court, the Honorable Jonathan D. Grine, granted after a pre-trial hearing was held.

A jury convicted Bailey of all of the above-mentioned offenses, with the exception of count 4—sexual assault and count 7—indecent assault, which were charged at number 0850-2013. Thereafter, the trial court, the Honorable Pamela A. Ruest, determined that Bailey was a sexually violent predator and sentenced him to an aggregate term of 203 to 406 years'

---

[7] 18 Pa.C.S.A. § 3123(b).
[8] 18 Pa.C.S.A. § 3124.1.
[9] 18 Pa.C.S.A. § 3126(a)(7).
[10] 18 Pa.C.S.A. § 4302.
[11] 18 Pa.C.S.A. § 3124.1.
[12] 18 Pa.C.S.A. § 6301(a)(1).
[13] 18 Pa.C.S.A. § 3126(a)(1).

imprisonment. Bailey subsequently filed a post-sentence motion, which the trial court denied. This timely appeal followed.

On appeal, Bailey raises four issues for us to consider. In his first issue, Bailey argues that the trial court abused its discretion in granting the Commonwealth's motion to consolidate the criminal informations.

A trial court's decision to consolidate indictments for trial is a matter of discretion and will be reversed on appeal only for a "manifest abuse of discretion or prejudice and clear injustice to the defendant." **Commonwealth v. Keaton**, 729 A.2d 529, 537 (Pa. 1999) (citation omitted). "Consolidation of separate offenses in a single trial is proper if the evidence of each of them would be admissible in a separate trial for the others and is capable of separation by the jury so that there is no danger of confusion." **Id**. (citation omitted); **see also** Pa.R.Crim.P. 582(A)(1)(a).

Bailey first argues that the Commonwealth's motion for consolidation was untimely under Pa.R.Crim.P. 582(B)(2) and should have been denied on that basis alone. Bailey asserts that the motion was untimely because it was not included in the omnibus pretrial motion and was not filed until "almost ten months after Arraignment." Appellant's Brief (J-S06005-16), at 29.[14]

_____

[14] Bailey submitted three substantially identical briefs; however, the page numbers differ in each brief.

Rule 582(B)(2) provides that a motion to consolidate "must *ordinarily* be included in the omnibus pretrial motion." Pa.R.Crim.P. 582(B)(2) (emphasis added). The use of the word "ordinarily" plainly indicates that while motions to consolidate should normally be included in an omnibus pretrial motion, the rule is not absolute, and there are certain circumstances where a motion to consolidate will be considered outside of an omnibus motion. We refuse to make a rule absolute when the plain language does not purport to do so. Thus, the trial court did not err by considering the motion.

Bailey next argues that the three cases did not meet the criteria for consolidation because "[t]he evidence of these distinct offenses was not capable of separation and not clearly distinguishable by the Jury … and the danger of confusion existed." Appellant's Brief (J-S06005-16), at 30-31. He further contends "[p]rejudice occurred because the evidence tended to convict [him] only by showing his propensity to commit crimes…." ***Id.***, at 32-33. We disagree.

Evidence of other crimes is inadmissible at a trial when that proof is introduced solely to show the defendant's bad character or criminal propensities. ***See Keaton***, 729 A.2d at 537; ***see also*** Pa.R.E. 404(b)(1). However, evidence of other crimes is admissible in certain circumstances, such as when offered to prove motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident. ***See*** Pa.R.E. 404(b)(2). Additionally, such evidence is admissible "to show a common

plan, scheme, or design embracing commission of multiple crimes, or to establish the identity of the perpetrator, so long as proof of one crime tends to prove the others." **Keaton**, 729 A.2d at 537 (citation omitted). "Consolidation of indictments requires only that there are shared similarities in the details of each crime." **Commonwealth v. Newman**, 598 A.2d 275, 278 (Pa. 1991); **see generally Commonwealth v. Morris**, 425 A.2d 715 (Pa. 1981).

In **Commonwealth v. Aikens**, 990 A.2d 1181 (Pa. Super. 2010), we ruled that the appellant's prior rape of his daughter was admissible at his trial for the sexual abuse of his younger daughter under the common scheme or plan exception. **See id**., at 1185. We found that there were sufficient similarities in the details of the two crimes to render the prior rape properly admitted into evidence. **See id**. To illustrate, both victims were the appellant's daughters and were similar ages when the sexual abuse occurred. **See id**., at 1186. The appellant also initiated contact with both victims during overnight visits in his home and began the sexual abuse by showing them pornographic movies. **See id**.

Similarly, in **Commonwealth v. Luktisch**, 680 A.2d 877 (Pa. Super. 1996), where the appellant had been convicted of molesting his stepdaughter, we ruled that the trial court properly allowed the testimony of the appellant's biological daughter regarding the sexual abuse that the appellant perpetrated on her when she was a child. **See id**., at 879. We

concluded that the two incidents were sufficiently similar to be admissible under the common scheme or plan exception since the pattern of molestation was the same in both cases and the victims were similar in age when the abuse occurred. *See id*.

The rationale followed in the above-mentioned cases is applicable here. To start, all three of Bailey's victims were prepubescent family members. Bailey started sexually abusing his biological sister, A.W., in 2008, when she was 9 years old. *See* N.T., Trial, 4/28/14, at 93. Bailey started sexually abusing his stepdaughter, D.D., in 2011, when she was 10 years old. *See id*., at 312. Bailey supplied his biological daughter, D.B., with alcohol and propositioned her for sex in 2011, when she was 11 years old. *See id*., at 276, 280. Moreover, A.W. and D.D. testified that Bailey sexually abused them in the basement of his house. *See id*., at 117, 319. A.W. and D.D. testified that Bailey would lock the door before commencing the abusive acts. *See id*. D.B. also testified that Bailey took her to his basement and locked the door before propositioning her for sex. *See id*., at 278. Finally, all three victims testified that Bailey would tell them that it was okay what they were doing together, but that they were not to tell anyone else about it. *See id*., at 94, 282, 321.

We agree with the trial court's determination that there were sufficient similarities between the details of each case to warrant consolidation of the matters. Specifically, the similarities involved in the three cases were

probative of a common scheme, and evidence of each offense charged would have been admissible in a separate trial for the others.[15] Moreover, the jury could readily separate the evidence concerning each case, as each victim testified to the distinctive events supporting the respective convictions, and none of the fact situations is so complicated nor are any of the incidents intertwined so as to confuse the jury. Accordingly, we conclude that the trial court did not abuse its discretion by consolidating the three criminal informations for trial. Bailey's first issue on appeal merits no relief.

Bailey's second and third issues challenge the trial court's rulings on motions *in limine*. We utilize an evidentiary abuse of discretion standard when reviewing the denial or grant of a motion *in limine*. **See Commonwealth v. Mitchell**, 902 A.2d 430, 455 (Pa. 2006).

> Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

**Commonwealth v. Tyson**, 119 A.3d 353, 357-58 (Pa. Super. 2015) (citations omitted).

---

[15] Although the offenses charged at number 0798-2013 were not sex offenses, evidence of Bailey's sexual advances toward D.B. would have been admissible in the trials concerning D.D. and A.W due to the similar pattern in the manner in which Bailey preyed on his young family members.

Only relevant evidence is admissible. ***See Commonwealth v. Stokes***, 78 A.3d 644, 654 (Pa. Super. 2013). "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding the existence of a material fact." ***Id***. (citation and internal quotations are omitted). However, a court may exclude relevant evidence if "its probative value is outweighed by the likelihood of unfair prejudice." ***Commonwealth v. Hitcho***, 123 A.3d 731, 747 (Pa. 2015) (citation omitted); ***see also*** Pa.R.E. 403. Evidence is not unfairly prejudicial merely because it is harmful to the defendant's case. ***See Commonwealth v. Page***, 965 A.2d 1212, 1220 (Pa. Super. 2009). Rather, evidence will be excluded on this ground only when it is "so prejudicial that it would inflame the jury to make a decision based upon something other than the legal propositions relevant to the case." ***Id***. (citations omitted).

In his second issue, Bailey asserts that the trial court erred in denying his motion *in limine* and in allowing his sister, A.W., to testify regarding the abortion she obtained after he raped and purportedly impregnated her. Bailey argues that this evidence was not probative, had the tendency to inflame the passions of the jurors, and was unduly prejudicial. ***See*** Appellant's Brief (J-S06005-16), at 34.

The trial court reasons that it properly denied Bailey's motion *in limine* and allowed A.W. to testify regarding her abortion because the testimony

was relevant to help explain why A.W. did not immediately report the incidents of rape. *See* Trial Court Opinion, 3/6/15, at 4. Additionally, the trial court reasons that "any prejudices the jurors may have held against abortion would have been used against … [A.W.], a Commonwealth witness, and would not have prejudiced … [Bailey]." *Id*.

After reviewing the certified record, we conclude that the trial court did not abuse its discretion in allowing A.W. to testify regarding her abortion. We agree with the trial court's conclusion that this evidence was relevant and not unduly prejudicial to Bailey. Thus, Bailey's second issue on appeal merits no relief.

In his third issue, Bailey asserts that the trial court erred in granting the Commonwealth's motion *in limine* and in precluding defense counsel from giving an illustration of reasonable doubt in her closing argument. The specific illustration at issue involved making a decision as to whether a frozen pond appeared solid enough to safely skate upon it after making observations regarding the weather and the appearance of the ice, among other criteria. *See* N.T., Motions *in Limine*, at 3-5.

In arguing that the trial court erred by not allowing his counsel to use this illustration, Bailey relies on this Court's decision in ***Commonwealth v. Jones***, 858 A.2d 1198 (Pa. Super. 2004). His reliance on ***Jones***, however, is misplaced. ***Jones*** concerned a determination of whether the trial court's use of an illustration during jury instructions was a clear and accurate statement

of law regarding reasonable doubt. *See id*., at 1203. In the present case, we are assessing whether the trial court abused its discretion in precluding defense counsel from using the proposed illustration in her closing argument. In explaining its decision, the trial court stated:

> The Court has consistently precluded defense counsel, First Assistant Public Defender Deborah Lux, from using her reasonable doubt illustration involving skating on an icy pond in winter because it inappropriately plays on jurors' fears regarding falling through ice and drowning. *See Commonwealth v. Randall*, Docket No. CP-14-CR-2053-2013; *Commonwealth v. Hopkins*, Docket No. CP-14-CR-1606-2013; *Commonwealth v. Best*, Docket No. CP-14-1772-2013. In granting the Motion in Limine, the Court specified that while Attorney Lux could not use her ice skating example, she was free to use any other illustration of reasonable doubt so long as it did not impermissibly *play upon fear*.

Trial Court Opinion, 3/6/15, at 5 (emphasis added).

Bailey does not explain how the trial court's rationale for prohibiting defense counsel's proposed illustration constituted an abuse of discretion. Instead, he simply argues "[i]t was reversible error for the Trial Court to restrict Mr. Bailey's ability to attempt to illustrate the concept of reasonable doubt in his closing argument." Appellant's Brief (J-S06005-16), at 43. Bailey's argument is insufficient to convince us that the trial court abused its discretion in that regard. Consequently, Bailey's third issue on appeal merits no relief.

In his fourth issue, Bailey challenges the discretionary aspects of his sentence. Bailey contends that the trial court abused its discretion in

imposing the sentence because "[a]lthough the sentences imposed on each of the twelve counts were in act [sic] legal, the total aggregate sentence of 203 years to 406 years rendered the overall sentence beyond comprehension." *Id*., at 45. Essentially, Bailey is objecting to the consecutive nature of his sentence.

"Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement." ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (citation omitted). The sentencing court "has the discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question." *Id*. (citation omitted); ***see also*** 42 Pa.C.S.A. § 9721(a). "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Id*., at 171-172 (citation omitted).

An "extreme circumstance" is not present here. The trial court acted well within its discretion in imposing consecutive sentences. Although the aggregate sentence is lengthy, it is nonetheless within the statutory guidelines. For instance, due to Bailey's prior third degree rape conviction in New York, the trial court properly imposed the mandatory minimum

sentence of 25-50 years' imprisonment for his rape and IDSI convictions. *See* 42 Pa.C.S.A. § 9718.2(a)(1).

Given the egregious pattern of sexual abuse and the resultant physical and emotional harm that Bailey inflicted upon his victims, we agree with the trial court's conclusion that a sentence of 203 to 406 years' imprisonment is reasonable and not excessive. Accordingly, Bailey's challenge to the discretionary aspects of his sentence is without merit; it does not even raise a substantial question for our review.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2016